IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(AT LOUISVILLE)
Civil Action No. 3:17-cv-166-DJH

LARRY PALMER                                                                          PLAINTIFF
1014 South 3rd Street
Louisville, Kentucky 40203


v.


METABANK                                                                          DEFENDANTS
4900 South Western Avenue
Sioux Falls, South Dakota 57108

      SERVE:     J. Tyler Haahr, Chief Executive Officer
                    4900 South Western Avenue
                    Sioux Falls, South Dakota 57108
                    (BY KENTUCKY SECRETARY OF STATE)

AND


EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

      SERVE:     CT Corporation System
                    306 W. Main Street, Suite 512
                    Frankfort, Kentucky 40601
                    (BY CERTIFIED MAIL

** ** ** **

### VERIFIED COMPLAINT

Comes the Plaintiff, Larry Palmer, and for his Verified Complaint against the Defendants,

MetaBank and Experian Information Solutions, Inc. ("Experian"):

### I. PRELIMINARY STATEMENT

1.    This is an action for negligence, defamation, and violations of the Fair Credit

Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendants' false credit reporting and Defendants' failure to investigate Plaintiff's disputes regarding a false and derogatory Credit One tradeline on Plaintiff's credit reports.

## II. **PARTIES**

2.     Plaintiff, Larry Palmer, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1014 South 3rd Street, Louisville, Kentucky 40203.

3.     Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.     Defendant, MetaBank, is a national banking association doing business in the Commonwealth of Kentucky with its principal place of business located at 4900 South Western Avenue, Sioux Falls, South Dakota 57108.

5.     MetaBank is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.     Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

7.     Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.     Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III. **JURISDICTION**

9.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving

rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

## IV. **FACTUAL BACKGROUND**

10.     In or around January 2017, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed his Experian credit report and discovered a false tradeline furnished by MetaBank regarding an alleged secured credit card account.

11.     Immediately upon his discovery of the reporting of the MetaBank account, Plaintiff disputed the MetaBank tradeline with Experian, stating in his dispute that the subject account does not belong to Plaintiff.

12.     Upon information and belief, Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified MetaBank of the disputes at or within five (5) days of Experian receiving notice of the disputes from Plaintiff.

13.     In February 2017, Plaintiff again accessed his Experian credit report and discovered that MetaBank and Experian had verified the accuracy of the MetaBank tradeline and that the tradeline was still reporting on Plaintiff's credit reports.

14.     The Defendants' false credit reporting and their failure to investigate Plaintiff's disputes have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit.

## V. **CLAIMS**

### **Negligence – MetaBank**

15.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 14 as if fully set forth herein.

16.     MetaBank's failure to investigate Plaintiff's dispute and its false reporting to

3

Experian regarding the alleged secured credit card account were negligent under applicable law.

17.     In failing to investigate Plaintiff's dispute and in falsely reporting the alleged secured credit card account, MetaBank breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

18.     MetaBank's failure to investigate Plaintiff's dispute and its false reporting to Experian regarding the alleged secured credit card account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

19.     MetaBank's failure to investigate Plaintiff's dispute and its false reporting to Experian regarding the alleged secured credit card account was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

20.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21.     Experian's failure to properly investigate Plaintiff's dispute and its consequent failure to remove the MetaBank tradeline from Plaintiff's Experian credit report, despite Plaintiff's lawful notice to Experian disputing the tradeline, was negligent.

22.     In failing to properly investigate Plaintiff's dispute of the MetaBank tradeline, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

23.     Experian's negligent failure to properly investigate Plaintiff's dispute of the MetaBank tradeline and its consequent failure to remove the tradeline from Plaintiff's Experian

credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

24.     Experian's failure to properly investigate Plaintiff's dispute of the MetaBank tradeline and its consequent failure to remove the tradeline from Plaintiff's credit report, despite Plaintiff's lawful dispute to Experian, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – MetaBank

25.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26.     MetaBank, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Experian and other currently unknown individuals and/or entities who have accessed Plaintiff's Experian credit report, that Plaintiff has a secured credit card account with MetaBank.

27.     MetaBank's statements were false and were made with conscious disregard for the rights of the Plaintiff.

28.     MetaBank's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged MetaBank secured credit card account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

29.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 28 as if fully set forth herein.

30.    Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, MetaBank and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has a secured credit card account with MetaBank.

31.    Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

32.    Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged MetaBank secured credit card account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – MetaBank

33.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 32 as if fully set forth herein.

34.    MetaBank's failure to investigate Plaintiff's disputes and it initial and continuing false reporting to Experian of Plaintiff's alleged MetaBank secured credit card account is a violation of MetaBank's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

35.    MetaBank's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which MetaBank is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

36.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 35 as if fully set forth herein.

37.    Experian's failure to properly investigate the disputed item and its consequent

failure to remove the disputed item from Plaintiffs' credit report is a violation of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

38.     Experian's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

39.     Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – MetaBank

40.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 39 as if fully set forth herein.

41.     MetaBank's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Experian of Plaintiff's alleged MetaBank secured credit card account, despite MetaBank's knowledge of the falsity of its reporting, is a willful violation of MetaBank's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

42.     Given MetaBank's knowledge of the falsity of its reporting, MetaBank's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which MetaBank is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

43.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1

through 42 as if fully set forth herein.

44.     Experian's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report are willful violations of Experian's duties to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

45.     Experian's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute is a willful violation of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

46.     Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Larry Palmer, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3.     For attorneys' fees and costs; and,

4.     Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/s/Sam B. Carl
Sam B. Carl
CREDITLAW, P.S.C.
616 S. Fifth St.
Louisville, KY  40202
(502)
sambcarl@gmail.com
*Co-Counsel for Plaintiff*


/s/David W. Hemminger
David W. Hemminger
CREDITLAW, P.S.C.
616 S. Fifth St.
Louisville, KY  40202
(502)
hemmingerlawoffice@gmail.com
*Co-Counsel for Plaintiff*

## VERIFICATION

I, Larry Palmer, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Larry Palmer

COMMONWEALTH OF KENTUCKY     )
                                  ) SS
COUNTY OF JEFFERSON              )

Subscribed, sworn to and acknowledged before me by Larry Palmer this _13_ day of

_march_, 2017.

_____
Notary Public

Commission expires: 6/23/2018

10